```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**COBY TOWNSEND HURST**                                                    PLAINTIFF

       v.          Civil No. 10-5127

**1ST DISCOUNT BROKERAGE, INC.;**
**RIDGE CLEARING & OUTSOURCING**
**SOLUTIONS, INC.; BILL CRAFT;**
**and RAY ROGERS**                                                        DEFENDANTS

### O R D E R

Now on this 15th day of November, 2011, comes on for consideration the following:

    \*   **Defendant's Request For Dismissal Of All Allegations** (document #75) filed by defendant Bill Craft;

    \*   **Motion To Dismiss Second Amended Complaint Or, Alternatively, Motion To Compel Arbitration Of Issues Presented In Plaintiff's Second Amended Complaint** (document #77) filed by defendants 1st Discount Brokerage, Inc.; Ridge Clearing & Outsourcing Solutions, Inc.; and Ray Rogers;

    \*   the **Magistrate Judge's Report And Recommendation** (document #95); and

    \*   **Defendant's Request For Report And Recommendations** (document #96) filed by Bill Craft,

and the Court, having carefully reviewed the foregoing, finds and orders as follows:

    1.   In his Second Amended Complaint, plaintiff Coby Townsend Hurst ("Hurst") alleges that defendants Ray Rogers ("Rogers") and

Bill Craft ("Craft") were, during the relevant time period, agents or brokers of defendant 1st Discount Brokerage, Inc. ("1st Discount"), a securities brokerage doing business in Washington County, Arkansas.  Hurst further alleges that defendant Ridge Clearing & Outsourcing Solutions, Inc. ("Ridge") was an accounting/brokerage firm and member of the New York Stock Exchange doing business in Washington County, Arkansas, with which Craft and Ray were associated.

   The gravamen of the Second Amended Complaint is Hurst's contention that Ray and Craft failed to timely transfer certain securities payable to him on the death of his father, and that during the delay the securities lost value.

   2.   1st Discount, Ridge, and Ray moved to dismiss or stay, contending that Hurst's claim is subject to arbitration pursuant to contracts signed by both Hurst and his father.  Craft moved to dismiss, contending that the facts are in his favor.

   3.   The Magistrate Judge did a careful analysis of the brokerage agreements signed by Hurst and his father, and concluded that the dispute here asserted is subject to arbitration.  This decision included the dispute as it relates to Craft, "since it is not disputed that he is an agent of 1st Discount, and as such, is subject to the same contractual provisions, including arbitration contracts, to which the principal is bound."

   4.   Craft filed a document entitled "Defendant's Request For

Report And Recommendations," which has been treated as Objections to the Report And Recommendation.  In it, Craft again presents factual arguments which he believes favor dismissal of the claims against him, and asks the Court to direct the other parties to provide him with discovery.

The Court will deny the relief sought by Craft.  The purpose of a motion to dismiss is not to obtain a decision on the merits, but to determine whether the plaintiff has asserted facts that affirmatively and plausibly suggest that he has the right he claims.  **Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009).**  Thus, to the extent Craft asserts his lack of culpability, the Court simply cannot consider contentions.

Nor can the Court grant Craft's plea for discovery.  Having determined that the dispute is subject to arbitration, the appropriate action is administrative termination of the judicial proceedings, relegating the parties to the procedures available in the arbitration forum they have agreed upon.

**IT IS THEREFORE ORDERED** that **Defendant's Request For Dismissal Of All Allegations** (document #75) and **Defendant's Request For Report And Recommendations** (document #96) are **denied.**

**IT IS FURTHER ORDERED** that the **Motion To Dismiss Second Amended Complaint Or, Alternatively, Motion To Compel Arbitration Of Issues Presented In Plaintiff's Second Amended Complaint** (document #77) is **granted.**

**IT IS FURTHER ORDERED** that the **Magistrate Judge's Report And Recommendation** (document #95) is **adopted in toto,** and this matter is hereby **administratively terminated,** subject to being reopened for good cause shown upon the conclusion of arbitration.

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE**